FILED

2007 SEP 25 AM 9: 11

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DULCENIA M. BLOOM,<br><br>Plaintiff,<br>v.<br><br>SAN DIEGO COUNTY OFFICES OF HEALTH AND HUMAN SERVICES, and ST. VINCENT DE PAUL VILLAGES, INC.,<br><br>Defendants. | CASE NO. 07-CV-1692 W (RBB)<br><br>ORDER (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS;<br>(2) DISMISSING CASE WITH LEAVE TO REINSTATE |

On August 27, 2007, Plaintiff Dulcenia Bloom filed a civil-rights complaint against the San Diego County Offices of Health and Human Services and Saint Vincent de Paul Villages, Inc. Instead of paying the filing fee, she submitted a motion to proceed in forma pauperis (IFP). Having reviewed her declaration, the court will **DENY** the motion because Plaintiff has failed to show that she cannot pay the filing fee without unacceptable sacrifice to other expenses.

The determination of indigency falls within the district court's discretion. <u>Cal. Men's Colony v. Rowland</u>, 939 F.2d 854, 858 (9th Cir. 1991), <u>rev'd on other grounds</u>, 506 U.S. 194 (1993) ("[28 U.S.C. §] 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well settled that a party need not be completely destitute to proceed IFP. <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 339–40 (1948); <u>see also</u> <u>Olivares v. Marshall</u>, 59 F.3d 109, 112 (9th Cir. 1995) ("[T]he filing fee, while discretionary, should not take the prisoner's last dollar."). Rather, to satisfy the requirements of 28 U.S.C. § 1915(a), an affidavit need only state that one cannot "because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." <u>Adkins</u>, 335 U.S., at 339. At the same time, however, the court must "assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." <u>Temple v. Ellerthorpe</u>, 586 F. Supp. 848, 850 (D.R.I. 1984).

Courts may reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. <u>See e.g.</u>, <u>Olivares</u>, 59 F.3d at 112 (requiring partial fee payment from prisoner who consistently spent $35 a month on "comforts" such as candy and name brand toiletries from the prison commissary); <u>Ali v. Cuyler</u>, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (denying IFP application because "plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action"). Moreover, the applicant must state the facts illustrating indigency "with some particularity, definiteness, and certainty." <u>See</u> <u>United States v. McQuade</u>, 647 F.2d 938, 940 (9th Cir. 1981) (*per curiam*).

Bloom has not shown such dire circumstances. Bloom's declarations show that she has no dependents and that she owns a vehicle outright. Moreover, Bloom's application lacks sufficient disclosure to give the Court a definite and certain picture

of her financial situation. See <u>McQuade</u>, 647 F.2d at 940. Her form declaration does not disclose the amount she has received for painting, housing payments, or the source of funds for her day-to-day expenses. Further, it does not disclose extenuating circumstances or necessary expenses that might suggest a genuine inability to pay the filing fee. While Bloom is by no means wealthy, the Court cannot conclude that paying a filing fee will require Ms. Bloom to make do without the necessities of life. See <u>Adkins</u>, 335 U.S. at 339.

Accordingly, the Court must **DENY** Bloom's application to proceed in forma pauperis. Therefore, the Court **DISMISSES** the complaint without prejudice and with leave to reinstate the complaint by paying the filing fee on or before October 29, 2007.

**IT IS SO ORDERED.**

Dated: September 24, 2007

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California