FILED

07 OCT 24 AM 11: 15

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: CP   DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DULCENIA M. BLOOM,<br><br>Plaintiff,<br>v.<br><br>SAN DIEGO COUNTY OFFICES OF HEALTH AND HUMAN SERVICES, and ST. VINCENT DE PAUL VILLAGES, INC.,<br><br>Defendants. | CASE NO. 07-CV-1692 W (RBB)<br><br>ORDER (1) DENYING MOTION FOR RECONSIDERATION ON MOTION TO PROCEED IN FORMA PAUPERIS |

On August 27, 2007, Plaintiff Dulcenia Bloom filed a civil-rights complaint against the San Diego County Offices of Health and Human Services and Saint Vincent de Paul Villages, Inc. Instead of paying the filing fee, she submitted a motion to proceed in forma pauperis (IFP), which the court denied. Having reviewed her motion for reconsideration, the court will again **DENY** the motion because Plaintiff has not substantiated her claim of indigency with evidence.

The determination of indigency falls within the district court's discretion. <u>Cal. Men's Colony v. Rowland</u>, 939 F.2d 854, 858 (9th Cir. 1991), <u>rev'd on other grounds</u>, 506 U.S. 194 (1993) ("[28 U.S.C. §] 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). Nothing in Bloom's motion provides grounds to conclude that the court abused its discretion in denying IFP status.

Further, as the court explained in its order denying the motion to proceed IFP, district courts have an obligation to "assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." <u>Temple v. Ellerthorpe</u>, 586 F. Supp. 848, 850 (D.R.I. 1984). Without *evidence* of facts illustrating indigency—documentary evidence, or at the very least, affidavits—the court cannot allow a litigant to proceed IFP.

While the court applauds Bloom's *rhetorical* skill, the motion for reconsideration does not provide *facts*. The Ninth Circuit Court of Appeals requires that an IFP application state the litigants financial situation "with some particularity, definiteness, and certainty." <u>See</u> <u>United States v. McQuade</u>, 647 F.2d 938, 940 (9th Cir. 1981) (*per curiam*). Now, as before, the court cannot ascertain Bloom's monthly income, expenses, savings, or particular circumstances warranting IFP status. As the court explained in its initial order—

> Bloom's declarations show that she has no dependents and that she owns a vehicle outright. . . . Her form declaration does not disclose the amount she has received for painting, housing payments, or the source of funds for her day-to-day expenses. Further, it does not disclose extenuating circumstances or necessary expenses that might suggest a genuine inability to pay the filing fee.

Further, Bloom's attempt to portray a typical prisoner's financial situation as more advantageous—while creative—adds not a single fact allowing the court to ascertain hers. Therefore, the court declines to exercise its discretion in her favor.

1 | Accordingly, the court hereby **DENIES** Bloom's motion for reconsideration as
2 | to her motion to proceed in forma pauperis. Further, the court will extend Bloom's
3 | leave to reinstate the complaint by paying the filing fee on or before <u>November 13,</u>
4 | <u>2007</u>.
5 | **IT IS SO ORDERED.**

7 | Dated: October 22, 2007

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California